UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Ashley Seaberg,

                Plaintiff,

      v.

Department 56, Inc. et al,

                Defendants.

No. CV04-918

OPINION AND ORDER

**MOSMAN, J.,**

On November 28, 2005, this court heard oral arguments on the parties' cross motions for summary judgment (#38 and #71). This is a products liability and personal injury action arising from a fire occurring in plaintiff's home on January 24, 2003. Plaintiff claims the fire was caused by a defective set of Christmas lights ("the product") purchased from defendants. As stated on the record, and with the exception of the negligence *per se* issue, I denied both motions for summary judgment. The record indicates that there exist genuine issues of material fact concerning whether the product is defective, whether the product caused the fire, whether plaintiff was comparatively at fault, and whether defendants acted with malice or showed a reckless and outrageous indifference to a highly unreasonable risk of harm justifying an award of punitive damages.

I took under advisement and allowed the parties to submit supplemental briefing on one issue from defendants' motion for summary judgment - the negligence *per se* question of whether defendants violated Oregon Electrical Safety Law ("OESL"). For the reasons stated below, I conclude defendants did not comply with Oregon's certification requirements prior to selling the

product, and summary judgment in favor of defendants on negligence *per se* is DENIED.

Section 479.610 of the OESL provides "[e]xcept as provided under ORS § 479.540, no person shall sell or dispose of by gift or otherwise in connection with the person's business an electrical product that is not certified or evaluated under the requirements of ORS § 479.510 to 479.945 and 479.995." I reject defendants' argument that this case falls under the exemption to this certification requirement provided by ORS § 479.540 because that section addresses installation, not sale.

Defendants argue that the product was certified, through a method approved under the regulations, by having the adaptor component of the product listed with the nationally recognized Underwriter's Laboratory ("UL"). Plaintiff does not dispute that UL is a nationally recognized laboratory, or that the adaptor bears a UL certification mark. Plaintiff's negligence *per se* claim argues that the product as a whole is not listed with UL and thus fails to meet the electrical product safety standards under the OESL. Resolution of this dispute turns on whether listing the adaptor component with UL is sufficient for the entire product to meet OESL safety standards.

Defendants contend that by submitting just the adaptor part of the product, they complied with ORS 479.760(2) which states that only a "specimen, sample or prototype of the product" needs to be submitted for approval. Based on this language, defendants contend the statute does not require the entire product to be submitted, and that submitting the adaptor sufficed. Defendants offer no authority in support of this interpretation that is contrary to the plain meaning of "specimen, sample or prototype." Defendants' argument might have merit if "adaptor" qualifies as "a specimen, sample or prototype of *the product*," but under a plain

PAGE 2 - OPINION AND ORDER

reading, the adaptor is more appropriately characterized as a part or component of the product; it is a part of the whole rather than the whole itself. Defendants' evidence of industry custom in understanding the certification requirements differently is unhelpful where, as here, there is no ambiguity in the statutory language. Moreover, defendants' interpretation would lead to absurd results for the Oregon Electrical Safety Law because under defendants' reading, a company could submit a standard adaptor for certification, obtain certification for that adaptor, attach anything to the adaptor, no matter how hazardous, and then sell this product to the public as properly certified.

More importantly, when defendants sold the product, the OESL defined "electrical product" as "any electrical equipment, appliance, material, device or apparatus to convey or be operated by electrical current."  ORS § 479.530(10); Def.s' Supp. Mem. Ex. A, p. 2. Here, the electrical product is the entire flicker light strand device that is to be operated by electrical current. Certainly, the adaptor is part of this device, but the adaptor itself is not the appliance that is to be operated.

Summary judgment in favor of defendants on the issue of proper certification is DENIED because defendants violated the Oregon Electrical Safety Law. Unresolved issues remain on the remainder of plaintiff's claim for negligence *per se* which must be resolved at trial. Defendants' motion (#71) for summary judgment is DENIED. Plaintiff's motion (#38) for summary judgment is also DENIED.

DATED this   9th    day of    January   , 2006.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 3 - OPINION AND ORDER